UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA J. JENKINS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-07-00312 |
| MICHAEL J. ASTRUE, *Commissioner of Social Security Administration,* | § § § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for a review of a final decision of the Commissioner of the Social Security Administration. In particular, Plaintiff complains of the denial of her claim for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 423, and for Supplemental Security Income benefits under Title XVI of the Act, 42 U.S.C. § 1382. Plaintiff and Defendant have filed cross motions for summary judgment, and each has filed a response.

After considering the parties' filings and the applicable law, the Court finds that Plaintiff's Motion for Summary Judgment (Doc. No. 10) should be and hereby is **GRANTED** to the extent that the ALJ's decision is **VACATED**, and the case is **REMANDED**. Defendant's Motion for Summary Judgment (Doc. No. 8) is **DENIED**.

I.   BACKGROUND

Plaintiff originally filed her application for Social Security benefits in October 2004 under Titles II and XVI of the Act. At the time of her application, she was 46 years

old. She has limited education and past relevant work experience as a home health attendant. In her application, she alleged that she had a number of ailments including diabetes, diabetic neuropathy, depression, degenerative disc disease, and hypertension. The application was denied initially and on reconsideration.

At Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing at which the Plaintiff testified, as did Earl Beard, a medical expert ("ME"), and Susan Rapant, a vocational expert ("VE"). After following the familiar five-step sequential evaluation process, the ALJ issued an administrative decision denying benefits. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 1, 2004. (R. 13) At step two, the ALJ found that Plaintiff's diabetes mellitus, depression, degenerative disc disease, and high blood pressure are severe impairments. (R. 13) At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity set forth in the Listing of Impairments. (R. 14) The ALJ further found that Plaintiff's allegations as to her impairments were not credible to the extent claimed. (R. 15-16) At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform simple tasks at the "light" level of exertion. (R. 16) Specifically, she can:

> lift/carry up to 20 pounds occasionally and 10 pounds frequently, . . . stand and/or walk about 4 hours of an 8-hour workday and . . . sit for 6 hours. She would need to alternate positions every 30 minutes. She can occasionally climb ropes/ladders/scaffolding. She should avoid exposure to extremes in temperature. Finally, she would be limited to simple instructions and tasks.

(R. 14) Based on these limitations, the ALJ found that Plaintiff is unable to perform her past relevant work as a home health care provider, which the vocational expert who

–3–

testified at the hearing classified as medium work. (R. 16) At step five, the ALJ found that, based on the testimony of the vocational expert and the evidence before her, and considering Plaintiff's age, education, work experience, and residual functional capacity, "there are jobs that exist in significant numbers in the national economy that the claimant can perform," including the jobs of office helper, mail clerk, and gate guard. (R. 16-17) The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Act from May 1, 2004 through the date of the administrative decision. (R. 17) The Appeals Council denied Plaintiff's request for review, (R. 3), and Plaintiff subsequently filed this action pursuant to 42 U.S.C. § 405(g).

## II.   ANALYSIS

### A.   Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.* at 255.

B.   **Standard Of Review**

Judicial review of an ALJ's denial of disability benefits is limited to determining "whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). "It must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Id.* (internal quotation marks omitted) (citing *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir. 1973); *Payne v. Weinberger*, 480 F.2d 1006 (5th Cir. 1973)).

C.   **Legal Standard**

A disability claimant bears the initial burden of proving that he is disabled. *See* 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). A person claiming a disability must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Court evaluates a disability claim using a five-step process, as follows:

> (1) a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless he has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and (5) if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

*Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Villa*, 895 F.2d at 1022). "A finding that a claimant is not disabled at any point in the five-step process is conclusive and terminates the . . . analysis." *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

### D.   Plaintiff's Contentions

Plaintiff makes numerous arguments as to why the ALJ's decision should be reversed or, at the least, remanded. Her first argument is that the ALJ erred in not finding Plaintiff's diabetic neuropathy to be "medically determinable." Specifically, Plaintiff argues that the record contains ample documentation of the symptoms, signs, and laboratory findings necessary to demonstrate her impairment. In support of this argument, Plaintiff points to two notes from treating physicians, one from September, 2004 reading "sensation – decreased to light touch" (R. 147), the other from March, 2005 appearing to read "[bilateral] feet sensation decreased" (R. 136). In response, Defendant argues that the ALJ's finding was correct because the evidence in front of the ALJ was insufficient to support a finding that Plaintiff's neuropathy was severe.

The ALJ makes three references to Plaintiff's neuropathy in his opinion. First, as part of his step three analysis, the ALJ states, "There are references to neuropathy, but that diagnosis is not supported by objective evidence and is therefore not medically

determinable." (R. 14) Second, and also at step three, the ALJ notes that treating physicians have found "decreased sensation to light touch and pinprick in the lower extremities," and that "[i]n September 2004 she complained of foot pain and was diagnosed with diabetic neuropathy." (R. 15) Third, the ALJ referred to Plaintiff's diabetic neuropathy when analyzing her RFC, stating that "her symptoms [of diabetic neuropathy] do not affect her ability to walk to the extent she is unable to get around." (R. 15-16)

The Court finds that the ALJ failed to apply proper legal standards in considering Plaintiff's diabetic neuropathy. As a preliminary matter, the finding that an impairment is not supported by objective evidence is properly performed at step two of the sequential analysis, not step three. *See* SSR 96-4p, *available at* 1996 WL 374187 ("[I]n the absence of a showing that there is a medically determinable physical or mental impairment, an individual must be found not disabled at Step 2 of the sequential evaluation process."). Failure to follow the required sequential analysis is legal error.

Furthermore, the ALJ's findings with regard to diabetic neuropathy are inconsistent with each other. The finding that there is no objective medical evidence supporting such an impairment clearly contradicts the ALJ's own acknowledgment that Plaintiff was diagnosed with that impairment by a treating physician in September, 2004. This contradiction demonstrates a lack of clarity with regard to how the ALJ intended to analyze Plaintiff's claim of neuropathy, and what evidence the ALJ considered in making that analysis.

The confusion surrounding whether and how Plaintiff's evidence of diabetic neuropathy was accounted for was further evident in the ME's testimony at the hearing.

–7–

At one point, in response to a question from the ALJ, the ME stated flatly that there is "no objective support for [neuropathy] in the records." (R. 363) At another point, however, in response to a question from Plaintiff's attorney, the same ME stated that Plaintiff's glucose levels "is not apparently the specific cause of the neuropathy," implicitly acknowledging the existence of the neuropathy he earlier denied. (R. 370) Moreover, at no point in his testimony did the ME mention the two treatment notes indicating neuropathy, not even when making the claim that he "did not see any testing, neurophysiologic, electromyography and so forth to test for peripheral neuropathy." (R. 371) The ALJ's opinion did not acknowledge or discuss these apparent inconsistencies in the ME's testimony, nor did it explain what weight, if any, was given to the ME's opinions.

Of course, it is not the province of the Court to re-do the analyses of administrative law judges, who are much closer to the facts and usually more expert in the field. In this case, however, the cumulative effect of the ALJ's deviation from the required sequential analysis, the contradiction in the ALJ's opinion, and the ME's inconsistent testimony at the hearing and possible failure to consider objective evidence in the record cast doubt on the analytic process that led to the ALJ's decision to deny benefits. The Court therefore finds that the ALJ did not apply the proper legal standards in analyzing Plaintiff's diabetic neuropathy. Because this error alone is grounds for reversal and remand, the Court will not address Plaintiff's other allegations of error at this time.

## III.    CONCLUSION

Plaintiff's Motion for Summary Judgment is **GRANTED** to the extent that the ALJ's decision is **VACATED,** and this case is **REMANDED** to the ALJ for further proceedings consistent with this Memorandum and Order.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas on this 2nd day of January, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER
SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND
AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT
ONE BY THE COURT